**UNITED STATES of America,**
**Appellee,**

v.

**John ORTEGA, Defendant–Appellant.**

**No. 05–5769–cr.**

United States Court of Appeals,
Second Circuit.

June 22, 2006.

Timothy W. Hoover, Federal Public Defender's Office, Western District of New York, Buffalo, New York, for Appellant.

James P. Kennedy, Jr., Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, New York, for Appellee.

PRESENT: Honorable JOSEPH M. McLAUGHLIN, Honorable REENA RAGGI, Circuit Judges, Honorable PAUL A. CROTTY, District Judge.[1]

### SUMMARY ORDER

On October 4, 2004, this court affirmed the district court's judgment of conviction sentencing defendant-appellant John Ortega to 57 months' incarceration as a result of his guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *See United States v. Ortega,* 385 F.3d 120 (2d Cir. 2004) *(per curiam).* The mandate was held, however, pending the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), after which this court remanded the case for further proceedings in conformity with *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). Orte-

---

1. The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

ga now appeals the district court's decision, on remand, to adhere to its original sentence. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. Failure to Demonstrate Plain Sixth Amendment Error

■ The purpose of a *Crosby* remand is to ascertain whether non-final sentences imposed prior to *Booker* manifest plain error under the Sixth Amendment. *See United States v. Crosby*, 397 F.3d at 118 (observing that *Booker* Sixth Amendment error is harmless "if the judge decides on remand, in full compliance with now applicable requirements, that ... the sentence would have been essentially the same as originally imposed" if the court had known that the Guidelines were discretionary rather than mandatory). The district court having concluded, on remand, that it "it would not have imposed a materially different sentence" in Ortega's case if it had understood the Guidelines to be discretionary, this case presents us with no plain Sixth Amendment error. Accordingly, to the extent Ortega persists in challenging his sentence on appeal, our review is now limited to an assessment of reasonableness. *See United States v. Booker*, 543 U.S. at 262, 125 S.Ct. 738.

### 2. Failure to Demonstrate Unreasonableness of Sentence

This court has "authority to review sentences, whether Guidelines sentences or nonGuidelines sentences, for reasonableness." *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006). Reasonableness review has two components: procedural and substantive. *See United States v. Crosby*, 397 F.3d at 114–15; accord *United States v. Fernandez*, 443 F.3d at 26.

#### a. Procedural Unreasonableness

■ Ortega contends that his sentence is procedurally unreasonable because, in denying his request for resentencing, the district court (1) used form language that did not "identify, evaluate or assess" the sentencing factors detailed in 18 U.S.C. § 3553(a) and (2) failed to give adequate consideration to the preamble to § 3553(a), which states that a court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in that section. Ortega's arguments are unconvincing.

"[I]n the absence of record evidence suggesting otherwise," this court will "presume ... that a sentencing judge has faithfully discharged [his] duty to consider the sentencing factors" stated in § 3553(a). *United States v. Fernandez*, 443 F.3d at 30. The court's "use of form language" on a *Crosby* remand does not, by itself, constitute the sort of evidence that will defeat this presumption. *See generally Bertrand v. Sava*, 684 F.2d 204, 213 (2d Cir.1982) (observing that, use of form notices denying parole was "not at all probative on the question of whether there had been individualized consideration of the actual parole requests"). We require "no specific verbal formulations" for a district court "to demonstrate the adequate discharge of the duty 'to consider' matters relevant to sentencing." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). More to the point, "we will not conclude that a district judge shirked [his] obligation to consider the § 3553(a) factors simply because [he] did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." *United States v. Fernandez*, 443 F.3d at 30. "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and

nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." *United States v. Fleming,* 397 F.3d at 100.

Applying these principles to this case, we conclude that there is no merit to Ortega's claim of procedural unreasonableness. The district court expressly stated that it "appl[ied] the factors in 18 U.S.C. § 3553(a) to the facts and circumstances existing at the time of the original sentence," and found "that it would not have imposed a materially different sentence" if it had then known that the Guidelines were advisory. Order, Oct. 21, 2005. The record supports this statement. At the original sentencing, the court carefully considered the nature and circumstances of defendant's offense, *see* 18 U.S.C. § 3553(a)(1), his history and characteristics, *see id.,* as well as the Sentencing Guidelines and related policy statements, *see id.* § 3553(a)(4), (5). The factors outlined in § 3553(a)(2), (3) informed the court's original consideration of a downward departure within the Guidelines scheme and were emphatically referenced by defense counsel, on remand, in seeking a non-Guidelines sentence. Similarly emphasized on remand was the general statutory mandate to impose a sentence sufficient, but not greater than necessary, to comply with the statute's sentencing objectives. On this record, we have no reason to depart from the presumption that the sentencing judge faithfully discharged his sentencing duties pursuant to § 3553(a). *See United States v. Fernandez,* 443 F.3d at 30.

b.  *Substantive Unreasonableness*

██  Equally meritless is Ortega's claim that the length of his sentence is substantively unreasonable. Because " 'reasonableness' is inherently a concept of flexible meaning, generally lacking precise boundaries," *United States v. Crosby,* 397 F.3d at 115, our review is necessarily "deferential," *United States v. Canova,* 412 F.3d 331, 350 (2d Cir.2005); *see also United States v. Fleming,* 397 F.3d at 100. While "the brevity or length of a sentence can exceed the bounds of 'reasonableness,' " we have emphasized that "we anticipate encountering such circumstances infrequently." *United States v. Fleming,* 397 F.3d at 100. This is not such a case.

Ortega asserts that his 57-month sentence is unreasonable in light of his "incredible 22 month rehabilitation from a devastating, 26 year . . . heroin addiction." Appellant's Br. at 42. The district court had, of course, acknowledged Ortega's rehabilitative efforts when, at the original sentence, it denied Ortega's motion for a Guidelines departure but sentenced him to the low end of his Guidelines range. The court's conclusion that no lesser sentence was warranted even under an advisory Guidelines system cannot be deemed unreasonable given the circumstances of the offense of conviction, the defendant's history, and the court's discretion in selecting an appropriate sentence. *See United States v. Fernandez,* 443 F.3d at 34 (recognizing that "broad range" of sentences may be reasonable in given circumstances). As we have recently observed, we will not second-guess the weight a district court accords a mitigating sentencing factor in imposing an otherwise reasonable sentence. *See United States v. Florez,* 447 F.3d 145, 157–58 (2d Cir.2006).

On review of the district court's October 21, 2005 order, we hereby reiterate our earlier ruling that the December 3, 2003 judgment of conviction is AFFIRMED.